

## In The
## Court of Appeals
## Seventh District of Texas at Amarillo

---

No. 07-26-00291-CR

---

CHRISTOPHER LAMONT JONES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 100th District Court
Childress County, Texas
Trial Court No. 8313, Honorable Dale A. Rabe, Jr., Presiding

---

July 28, 2026

MEMORANDUM OPINION

Before PARKER, C.J., and YARBROUGH and PRATT, JJ.

Appellant, Christopher Lamont Jones, appeals from the trial court's judgment adjudicating him guilty of burglary of a habitation[1] and sentencing him to thirty-five years of confinement. After the appeal was perfected, the court reporter notified this Court that she was unable to prepare the reporter's record because of a malfunction in the stenographic recording equipment. We therefore abated and remanded the cause to the

---

[1] See TEX. PENAL CODE § 30.02.

trial court to determine whether the reporter's notes or recordings were lost or destroyed; whether the reporter's record was necessary to the resolution of the appeal; and, if the record was lost or destroyed, whether it could be replaced by stipulation or agreement of the parties. *Jones v. State*, No. 07-26-00291-CR, 2026 Tex. App. LEXIS 5481, at *1 (Tex. App.—Amarillo June 11, 2026, no pet. h.) (per curiam) (not designated for publication).

On remand, the trial court entered findings of fact and conclusions of law determining that:

1)      through no fault of Appellant, the entire reporter's record was destroyed due to a malfunction of the court reporter's equipment, leaving no record of the proceeding;

2)      the destroyed record is necessary to the appeal; and

3)      the destroyed record cannot be replaced by agreement of the parties.

Under Rule of Appellate Procedure 34.6(f), an appellant is entitled to a new trial when, through no fault of appellant, a significant portion of the reporter's record is lost or destroyed, the missing portion is necessary to the appeal's resolution, and the record cannot be replaced by agreement of the parties. *See Mendoza v. State*, 439 S.W.3d 564, 565–66 (Tex. App.—Amarillo 2014, no pet.) (reversing and remanding for a new trial under Rule 34.6(f) when a significant portion of the reporter's record was lost, necessary to the appeal, and could not be replaced).

Because the trial court's findings establish that the requirements of Rule of Appellate Procedure 34.6(f) have been satisfied, we reverse the trial court's judgment and remand the cause for a new trial.

Per Curiam

Do not publish.